Filed 4/29/22  Petrosyan v. Zuniga CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| ARMINE PETROSYAN, | B309812 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. PD054234) |
| v. | |
| RUDY ZUNIGA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Mark A. Juhas, Judge.  Affirmed.

Law Offices of Adam R. Bernstein and Adam R. Bernstein for Defendant and Appellant.

Gumm & Green, Anita Gumm; Ferguson Case Orr Paterson and Wendy C. Lascher for Plaintiff and Respondent.

\* \* \* \* \* \* \* \* \* \*

Father Rudy Zuniga appeals a postjudgment order modifying the visitation of mother Armine Petrosyan with their child, S.Z., arguing the family court was required to, but did not find that changed circumstances justified the order. Finding the court's order merely addressed visitation, and not custody, the best interests of the child standard controlled, and there was no abuse of discretion. We therefore affirm.

## BACKGROUND

This family has a long and contentious history in family court, but the record before us is limited. In August 2013, the family court entered a judgment providing mother and father with joint physical and legal custody of S.Z., with alternating weeks of parenting time. That order is not part of the record on appeal.

On February 5, 2018, family court Judge Christine Byrd entered an order following a multi-day hearing on competing requests by both mother and father to modify the custody order. Previously, the parties had extensively litigated custody and visitation issues based on concerns that mother was abusing substances. Temporary orders were entered, giving father sole physical custody, providing that mother's visitation was to be monitored, and that mother was required to drug test. Mother consistently tested positive for marijuana, or refused to test, missed some tests, and other tests were "dilute," which created concerns that mother was tampering with the tests. Text messages suggested that mother used cocaine and ecstasy. Mother had been addicted to Xanax for four years, attended a "detox" program in 2016, and then switched to marijuana to control her anxiety and panic attacks, for which she had a prescription.

2

The court concluded that father had a difficult personality and was "rigid" in his thinking, but that he was genuinely concerned for his child's safety and well-being. The court also concluded that both parents shared a strong bond with the child.

The court ordered that mother and father continue to share joint legal and physical custody, and that the weekly alternating parenting schedule would resume after mother submitted four clean drug tests over a 10-day period. Thereafter, mother would submit to between one and three random drug tests per week, to continue until March 1, 2019. "Joint physical custody shall continue" as long as her tests were clean, and mother's "custodial time" would cease automatically if she tested positive for drugs.

It appears that mother did not comply with the terms of the order, although the record on appeal does not contain all of the subsequent filings and orders. A March 26, 2019 minute order reflects that mother's visitation was at some point ordered to be monitored.

On June 18, 2019, Judge Michelle Short vacated all prior temporary orders, ordered that Judge Byrd's February 2018 order remained in full force and effect "except as specifically set forth herein," and ordered that the parties would continue to share joint "legal and physical custody," finding there was no change in circumstances to modify the custody arrangement. Regarding legal custody, the court ordered that legal custody was "joint," but in the event mother and father could not agree on legal custody decisions, father would have final decision-making authority. The court ordered that mother's "visitation" was suspended until further order of the court because of her "dirty, diluted, and missed drug tests." The court's order acknowledged that "[t]his Order, in effect, give[s] [father] sole physical custody"

3

of the child. "[Mother] must demonstrate to the Court that she is leading a clean and sober lifestyle for this Order to be modified." The court also ordered that mother was no longer required to drug test, but that clean tests could be considered by the court to find a change of circumstances.

On November 6, 2019, mother filed a request for an order seeking custody and visitation. The declaration in support of the order averred that mother was seeking to change the June 18, 2019 order, and that she was seeking "physical custody and/or regular visitation." Mother's declaration testified that she enrolled in drug treatment in September 2019, and was still participating in the program. She also completed a course about addiction. She further testified that S.Z. missed her a great deal and is very sad about their limited contact.

Father's response to the request for an order argued that mother had not shown a change in circumstances, reasoning that she offered no evidence that she was not using drugs. Father also filed a request for a move away order to move to Orange County.

The hearing on the requests was held on September 21, 2020. Mother testified she only smokes marijuana "once in a while" to calm her anxiety, and not to get "high." She last smoked marijuana several weeks before the hearing and did not use it recreationally. She never smoked before visiting with S.Z., and S.Z. had never been harmed while in her custody. She last drug tested the Monday before the hearing, even though she was not required to test. Mother was currently living with her parents, and there was a room in the home for S.Z. Mother testified she participated in an outpatient drug program from September 2019 until April 2020, which also included individual

4

and group counseling. The program helped her better deal with her anxiety. She testified she has a very close bond to S.Z.

On October 30, 2020, the court signed an order providing that father "is awarded primary physical custody" of S.Z., but that mother and father would share joint legal custody, except that father would have "exclusive rights to make decisions regarding the child's education." The court awarded mother monitored visitation on the second and fourth Saturday of every month, from 10:00 a.m. until 7:00 p.m. The court also allowed father to relocate to Orange County with S.Z. The court found mother "has done many things to correct past wrongs," that mother and S.Z. wanted to see each other, and the "limited increase in time" with mother was in S.Z.'s "best interest."

Father timely appealed the postjudgment order changing mother's visitation.

## DISCUSSION

"[C]hild custody and visitation orders . . . are subject to the trial court's broad discretion and an abuse of discretion is found only where the court exceeds the bounds of reason." (*In re Marriage of David & Martha M.* (2006) 140 Cal.App.4th 96, 100, fn. omitted.) While we review the court's order for abuse of discretion, we review de novo which legal standard applies to its ruling. (*Id.* at p. 101.)

"[O]rdering a change in custody requires a persuasive showing of changed circumstances affecting the child. [Citation.] Such a change must be substantial." (*In re Marriage of C.T. & R.B.* (2019) 33 Cal.App.5th 87, 102; see also *In re Marriage of Brown & Yana* (2006) 37 Cal.4th 947, 960.) Generally, the trial court " 'should preserve the established mode of custody unless some significant change in circumstances indicates that a

different arrangement would be in the child's best interest.' " (*In re Marriage of Burgess* (1996) 13 Cal.4th 25, 38.)

On the other hand, a request to modify a visitation or parenting time order does not require a showing of changed circumstances, but does require a showing that any modification is in the best interest of the child. (*In re Marriage of Lucio* (2008) 161 Cal.App.4th 1068, 1072, 1077.) "When determining the best interest of the child, relevant factors include the health, safety and welfare of the child, any history of abuse by one parent against the child or the other parent, and the nature and amount of contact with the parents." (*Montenegro v. Diaz* (2001) 26 Cal.4th 249, 255.)

Here, father argues that the family court's October 30, 2020 order changed the parents' *custody* arrangement without a showing of changed circumstances. Specifically, he argues that mother never submitted four clean drug tests as required by the February 2018 order, and did not demonstrate a clean and sober lifestyle as provided for in the June 2019 order, and therefore she did not meet the conditions for resuming joint physical custody. He also argues that legal custody changed from sole legal custody to joint legal custody. Mother argues that the court did not change custody, but merely changed visitation, and therefore, changed circumstances were not required. We agree with mother.

Both the February 2018 and June 2019 orders recited that mother and father shared joint legal and physical custody. The February 2018 order limited mother's parenting time in the event that mother did not satisfy the clean testing requirement. The June 2019 order suspended mother's visitation, and ordered that mother "must demonstrate to the Court that she is leading a

6

clean and sober lifestyle for this Order to be modified." The October 2020 order did not change this custody arrangement. Legal custody remained joint. The order simply awarded mother limited monitored visitation. Mother was not required to demonstrate changed circumstances for such an order. (*In re Marriage of Lucio, supra,* 161 Cal.App.4th at pp. 1072, 1077.) There is ample evidence of a close bond between mother and S.Z., and the court explicitly found that the order was in the child's best interests.

Father also argues that the October 30, 2020 order improperly reconsidered the court's prior custody orders, reasoning the court improperly reexamined whether mother's marijuana use was affecting her parenting. We are not persuaded. The purpose of a request for a change of order is to reexamine the circumstances of a family and modify prior orders. The court at the September 2020 hearing properly considered mother's current drug use and her ability to safely parent S.Z. We see no abuse of discretion or violation of father's due process rights.

## DISPOSITION

The order is affirmed. Mother is awarded her costs on appeal.

GRIMES, Acting P. J.


WE CONCUR:

WILEY, J.                    HARUTUNIAN, J.*

---

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7